Mr. Mark Swaney, President Arkansas Committee Rm. 517, Student Union University of Arkansas Fayetteville, Arkansas 72701
Dear Mr. Swaney:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107, of the following popular name and ballot title:
 (Popular Name)
 AN INITIATIVE FOR PROSECUTION OF INTERSTATE DRUG TRAFFIC
 (Ballot Title)
 This addition to the Uniform Controlled Substances Act will simply empower the Attorney General to conduct investigations into cases of interstate drug trafficking. The law enforcement officers of the State of Arkansas, its counties, and its municipalities, will be required to report evidence of drug trafficking directly to the state Attorney General whenever the trafficking activity extends across the state line. The Attorney General will be required to oversee and direct the investigation of the case through the office of the local prosecuting attorney. The Attorney General is required to accept full and complete responsibility for the conduct of the investigation, this responsibility shall not be delegated to the official of any other state, or the federal government. The authority established under this section extends to cases dating back to January 1, 1980 except in those cases which have already been prosecuted to the fullest extent of the law.
The Attorney General is required pursuant to Section 7-9-107 to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, (including its constitutionality), or the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed initiative.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed initiative. See ArkansasWomen's Political Caucus v. Riviere, 282 Ark. 463, 466,677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed initiative which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417,316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). It has been stated that the ballot title must contain any information that would "give the elector `serious ground for reflection'". Finn v. McCuen, 303 Ark. 418,798 S.W.2d 34 (1990), citing Gaines v. McCuen, 296 Ark. 513,758 S.W.2d 403 (1988). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990) citing Leigh v.Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
With these precepts in mind, it is my opinion that the proposed popular name should be, and is hereby, approved as submitted.
It is my opinion, however, that the proposed ballot title should be substituted with the following:
 An Act to add a new statutory section to the "Uniform Controlled Substances Act" which requires police officials and prosecuting attorneys to immediately report to the Attorney General any violations of the Uniform Controlled Substances Act which occur across the boundary line of the State of Arkansas; requiring the Attorney General to conduct a thorough and complete investigation of the same; authorizing the Attorney General to direct grand jury presentations and prosecution for these violations through the office of the prosecuting attorney within the relevant judicial district; providing that the Attorney General shall not delegate this authority to any federal official or officials of another state; extending the provisions of this section to all violations which have occurred since January 1, 1980, except in cases which have already been prosecuted to the fullest extent of the law; and making the provisions of this section severable.
Pursuant to A.C.A. § 7-9-103 (Cum. Supp. 1991), instructions to canvassers and signers are enclosed herewith.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh